JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TOMAS RAMIREZ,

                Plaintiff,

     v.

FCA US, LLC, et al.,

                Defendants.

Case No. 2:23-cv-04204-FLA (ASx)

**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

1

**RULING**

On April 28, 2023, Plaintiff Tomas Ramirez ("Plaintiff") initiated this action against Defendants FCA US, LLC ("FCA") and DOES 1 through 20 in the Los Angeles County Superior Court.  Dkt. 1-1.  Plaintiff brings, among others, two claims under the Song-Beverly Act and one under the Magnuson-Moss Warranty Act.  *Id.*

On May 31, 2023, FCA removed the action to this court based on alleged diversity jurisdiction.  Dkt. 1 ("NoR").  On July 31, 2023, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy.  Dkt. 30.  Both Plaintiff and FCA filed responses on August 14, 2023.  Dkts. 17 ("Pltf. Resp."), 18 ("Def. Resp.").  In its response, FCA argues both the amount in controversy exceeds $75,000 and the court has "direct jurisdiction to hear Plaintiff's claim under the Magnuson-Moss Warranty Act."  Def. Resp. at 2–5.

Having reviewed FCA's Notice of Removal and the responses to this court's order to show cause, and for the following reasons, the court finds FCA fails to establish this court's jurisdiction and accordingly REMANDS the action.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  Accordingly, a defendant may remove a case from state court to

2

1  federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of

2  federal question or diversity jurisdiction.  Courts strictly construe the removal statute

3  against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any

4  doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*., 980 F.2d

5  564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing

6  federal jurisdiction.  *Id*.

7  A notice removing an action from state court to federal court must include "a

8  plausible allegation that the amount in controversy exceeds the jurisdictional

9  threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89

10  (2014).  Where "the plaintiff contests, or the court questions, the defendant's

11  allegation" concerning the amount in controversy, "both sides [shall] submit proof,"

12  and the court may then decide whether the defendant has proven the amount in

13  controversy "by a preponderance of the evidence." *Id.* at 88–89.  "Federal jurisdiction

14  must be rejected if there is any doubt as to the right of removal in the first instance."

15  *Gaus*, 980 F.2d at 566.

16  Of relevance here, claims filed under the Magnuson-Moss Warranty Act do not

17  trigger federal question jurisdiction unless the amount in controversy is equal to or

18  greater than "the sum or value of $50,000 (exclusive of interests and costs) computed

19  on the basis of all claims to be determined in this suit."  28 U.S.C. § 2310(d)(3)(B);

20  *Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL

21  927266, at *2 (C.D. Cal. Mar. 10, 2021).

22  The issue here is whether the amount of money Plaintiff places in controversy is

23  sufficient to invoke jurisdiction.  The Magnuson-Moss Warranty Act allows

24  consumers to bring suits for "damages and other legal or equitable relief" when a

25  supplier fails to comply with an obligation under a written or implied warranty.  15

26  U.S.C. § 2310(d)(1).  Courts analyze the amount in controversy under Magnusson-

27  Moss using the same principles used to analyze the amount in controversy for

28  purposes of diversity jurisdiction.  *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237,

1   1240 (C.D. Cal. 2005) ("There is nothing in the text of the Magnuson-Moss Act that

2   would indicate that the amount in controversy for the statute is assessed any

3   differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332.").

4   The Magnuson-Moss Act does not specify the appropriate measure and type of

5   damages that are available, so "a number of courts, including the Ninth Circuit, have

6   turned to the applicable state law to determine which remedies are available under the

7   Act, which of necessity informs the potential amount in controversy." *Id.* at 1239.

8   Here, the applicable state warranty law is the Song-Beverly Act.  Accordingly, the

9   court determines whether the remedies available to Plaintiff under the Song-Beverly

10  Act are sufficient to place at least $50,000 in controversy.

11        Based on the evidence and allegations presented in the Notice of Removal and

12  the responses to the court's order to show cause, the court is unpersuaded that FCA

13  has carried its burden of showing, by a preponderance of the evidence, that either the

14  diversity or Magnuson-Moss amount in controversy requirement has been met here.

15        **A.    Actual Damages**

16        The first remedy at issue is actual damages.  Under the Song-Beverly Act, the

17  buyer of a vehicle may recover "in an amount equal to the actual price paid or payable

18  by the buyer," reduced by an amount "directly attributable to use by the buyer."  Cal.

19  Civ. Code § 1793.2(d)(2)(B)–(C).  This reduction, also known as a mileage offset,

20  reduces the buyer's recovery by an amount directly proportional to the number of

21  miles driven, with each mile driven reducing the purchase price by 1/120,000.  *See id.*

22  § 1793.2(d)(2)(C).

23        Here, FCA argues Plaintiff's prayer for actual damages places $71,582.88 in

24  controversy, based on the "total sales price of the vehicle," which includes Plaintiff's

25  total financing obligations throughout the maturity of the loan.  Def. Resp. at 3.  FCA

26  further calculates an offset of $4,931, based on the mileage of the vehicle at the time

27  Plaintiff first presented the vehicle for repair.  *Id.*  FCA does not present specific

28  allegations about the Magnuson-Moss requirement that the amount in controversy

4

exceed $50,000.

FCA does not claim, let alone demonstrate, that the May 20, 2022 repair date on which it bases its offset calculation is the first date Plaintiff presented the vehicle for repair *because of* a specific defect claimed in the Complaint.  FCA's assertion that the "total sales price of the vehicle" should serve as the benchmark for calculating Plaintiff's actual damages is alone insufficient to meet either the diversity or Magnuson-Moss amount in controversy requirement without adequate consideration of the vehicle offset.

### B.    Civil Penalties

FCA's inclusion of civil penalties to establish the amount in controversy is highly speculative and insufficient to meet its burden.  "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages."  *See* Cal. Civ. Code § 1794(c).  However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed."  *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quoting *Castillo v. FCA USA, LLC*, Case No. 3:19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)).  Instead, district courts regularly find that a Song-Beverly Act plaintiff's boilerplate allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy.  *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish amount in controversy was "too speculative and not adequately supported by the facts and evidence.").  This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied."  *Makol v. Jaguar Land Rover N. Am.,*

*LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see Zawaideh v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("[T]he defendant must make some effort to justify the assumption."); *see also Khachatryan*, 2021 WL 927266 at *2.

Here, FCA offers no argument or evidence supporting the potential awarding of civil penalties. Defendant also fails to prove "that it is reasonable to double the amount of actual damages in arriving [at] the size of the likely award." *Pennon*, 2021 WL 2208578, at *2.

## C.    Attorney's Fees

FCA's inclusion of attorney's fees to establish the amount in controversy, likewise, is speculative and insufficient to meet its burden. In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016). But, before doing so, a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *cf. D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the

[Song-Beverly] Act settle early.").  Moreover, a defendant fails to show attorney's fees are part of the amount in controversy where it "makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hour or billing rates that might apply." *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021); *Garcia v. FCA US LLC*, Case No. 2:20-cv-04779-VAP (MRWx), 2020 WL 4219614, at *3 (C.D. Cal. July 22, 2020).

FCA fails in its burden with respect to attorney's fees.  It cites to one case in which the trial court awarded attorney's fees in an amount of $185,000 and five cases where Plaintiff's counsel *sought* attorney's fees between $60,615 and $203,966.  NoR at 10.  FCA, however, fails to explain how these actions are similar to cases where courts awarded high attorney's fees, beyond noting they also involved Song-Beverly Act or Magnusson-Moss Act claims. *See id.*  Further, FCA does not provide or substantiate reasonable lodestar estimates for a potential statutory attorney's fee award in this action.  *D'Amico*, 2020 WL 2614610, at *4.

Prevailing case authority does not support the proposition that district courts weighing subject matter jurisdiction involving Song-Beverly Act or Magnusson-Moss Act claims must assume that the upper extreme of attorney's fee awards granted in other Song-Beverly Act or Magnusson-Moss Act cases must be included in the amount in controversy.  If this were the law, district courts would be unable to remand these cases for insufficient amounts in controversy.  District courts, however, regularly do so. *See, e.g., D'Amico*, 2020 WL 2614610; *Sood v. FCA US, LLC*, Case No. 2:21-cv-04287-RSWL (SKx), 2021 WL 4786451 (C.D. Cal. Oct. 4, 2021); *Vega*, 2021 WL 3771795, at *3; *Garcia*, 2020 WL 4219614, at *3.

## CONCLUSION

For the aforementioned reasons, the court finds that FCA has failed to carry its burden in demonstrating that either the Magnuson-Moss or diversity jurisdiction amount in controversy requirement is met here.  The court, therefore, REMANDS the

action to the Los Angeles County Superior Court, Case No. 23STCV09484.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 24, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge